# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY**                                                   **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 5:21-CV-53-DCB-FKB**

**WILKINSON COUNTY SCHOOL DISTRICT**                   **DEFENDANT**

### AGREED ORDER REGARDING DEFENDANT'S MOTION
### TO DETERMINE SCOPE OF APPRAISAL

Before the Court is Defendant's Motion to Determine Scope of Appraisal (the "Motion") (Dkt. 18), which has been fully briefed by the parties. After a discussion conducted on May 12, 2022 with Magistrate Judge Keith Ball, the parties' counsel, and the appraisal umpire Sam Kelly, many of the issues raised in the Motion have been resolved by agreement. Specifically, the parties agree, and the Court therefore ORDERS, as follows:

1. The appraisal panel is tasked, authorized, and empowered to appraise the entirety of the amount of loss resulting from the subject November 3, 2019 fire at Finch Elementary School (the "Fire").

2. In determining the amount of loss, the appraisal panel is tasked, authorized, and empowered to make such causation determinations as necessary in order to properly and accurately value the amount of loss resulting from the Fire. The standard to be utilized in determining what loss and damage resulted from the Fire shall be the "more likely than not" standard.

3. In determining the amount of loss, the appraisal panel is tasked, authorized, and empowered to determine the scope of the fire and smoke damage as part and parcel of its valuation of the amount of loss.

4. In determining the amount of loss, the appraisal panel is tasked, authorized, and empowered to determine the means and methods to be employed when making repairs/replacements necessitated by the fire and smoke damage as part and parcel of its valuation of the amount of loss.

5. In the Motion, and relying on paragraph 3 of the insurance policy's appraisal clause, Defendant requested that the Court instruct the appraisal panel that its determination of the amount of loss will set "the amount of payment for the loss." Plaintiff contests this allegation and, also relying on paragraph 3 of the appraisal clause, contends that a written agreement after the selection of an umpire does not constitute the amount of "payment," as alleged by Defendant. This issue is reserved for later consideration by the Court if necessary.

6. Although the appraisal panel is authorized, empowered, and directed to make such causation determinations as necessary in order to determine the amount of loss resulting from the Fire, any remaining questions of coverage are reserved. Specifically, Plaintiff specifically reserves the right to litigate its purported defense of lack of mitigation by Defendant, as well as any other coverage defenses. Additionally, any causation questions that are not necessary for the appraisal panel to determine the amount of loss are also reserved.

7. The appraisal umpire, Sam Kelly, shall exercise his own discretion and judgment as to scheduling of the remainder of the appraisal process and what he will or will not consider as valid evidence of the amount of loss.

8. The appraisal panel will utilize its best efforts to complete the appraisal process within 120 days of this Order.

SO ORDERED BY AGREEMENT OF THE PARTIES this the  2nd  day of June, 2022.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY BY:


/s/ J. Brandon McWherter
J. BRANDON McWHERTER (MSB # 105244)
JONATHAN L. BOBBITT (MSB # 105456)
McWherter Scott & Bobbitt, PLLC
341 Cool Springs Blvd., #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Email: jonathan@msb.law

*Attorneys for Defendant Wilkinson County School District*


/s/ Ryan M. Hall
RYAN M. HALL (MSB # 103458)
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile:  (504) 322-7520
**Email: rhall@pipesmiles.com**

*Attorneys for Liberty Mutual Fire Insurance Company*