IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIBERTY MUTUAL FIRE INSURANCE COMPANY     PLAINTIFF

v.     CIVIL ACTION No: 5:21-cv-53-DCB-FKB

WILKINSON COUNTY SCHOOL DISTRICT     DEFENDANT

## ORDER

Before the Court is Wilkinson County School District ("Defendant")'s Motion to Defer Consideration of Motion for Summary Judgment, to Conduct Discovery, and to Set Briefing Schedule Encompassing Time for Necessary Discovery [ECF No. 37], which is supported by the affidavit of Defendant's attorney, James Brandon McWherter [ECF No. 37-1].  Liberty Mutual Fire Insurance Company ("Defendant") opposes the Motion to Defer. [ECF Nos. 42 & 43].  Having considered the parties' submissions, the procedural posture of this case, and applicable law, the Court finds that Defendant's motion is well-taken and should be granted.

This case concerns an insurance dispute between Plaintiff, the insured, and Defendant, the insurer.  [ECF No. 1] ¶ 5.  The dispute arose from a claim for fire damage to an elementary school in November 2019.  Id. ¶ 4; [ECF No. 38] at 1.  The

1

parties invoked an appraisal process contained in the governing insurance policy. [ECF No. 1] ¶ 11. The appraisal panel rendered its final award on or about February 2023, which left numerous substantive issues for the Court's determination. [ECF No. 31-3]. To date, no case management order has been entered, no discovery schedule has been set, and no formal discovery has been conducted. Plaintiff filed a Motion for Summary Judgment [ECF No. 31], and Defendant responded with the Motion to Defer under Federal Rule of Civil Procedure 56(d)[1] that is now before the Court. [ECF No. 37].

In general, Rule 56(d) discovery motions are "broadly favored and should be liberally granted." Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir.2006). "[W]hen a party is seeking discovery that is germane to the pending summary

---

[1] Federal Rule of Civil Procedure 56(d) provides:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

Fed. Rules Civ. Proc. Rule 56(d).

judgment motion it is inequitable to pull out the rug from under them by denying such discovery." <u>Wichita Falls Off. Assocs. v. Banc One Corp.</u>, 978 F.2d 915, 920 (5th Cir. 1992).  A party seeking discovery under Rule 56(d) "must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."  <u>Chenevert v. Springer</u>, 431 F. App'x 284, 287 (5th Cir. 2011) (relying on <u>Stearns Airport Equip. Co. v. FMC Corp.</u>, 170 F.3d 518, 534 (5th Cir. 1999)).

    Based on the motion, supporting affidavit, and briefing, the Court is satisfied that Defendant has sufficiently demonstrated why discovery is necessary and how discovery will likely create a genuine issue of material fact.  In addition, the Court is mindful that no case management order or scheduling order has been entered in this case, no discovery schedule or deadlines are in effect, and no formal discovery has been conducted in this case.  "Rule 56 'presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts.'"  <u>QBE Ins. Corp. v. Legacy Condominiums at Gulfport Home Owners Ass'n, Inc.</u>, No. CIV 1:09CV128HSO-JMR, 2009 WL 1844496, at *2 (S.D. Miss. June 23, 2009) (internal citation omitted); <u>accord</u> <u>Stark v. Univ. of S. Mississippi</u>, No. 2:13CV31-KS-MTP, 2013 WL 5563767, at *6 (S.D. Miss. Oct. 8, 2013).  Given that no time

for discovery has been scheduled in this case, the Court is persuaded that Defendant is entitled to a reasonable opportunity to prepare its defense before having to withstand a motion for summary judgment.  10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2741 (4th ed.) ("… the granting of summary judgment will be held to be error when discovery is not yet completed, and summary judgment has been denied as premature when the trial court determines that discovery is not finished.") (internal footnotes omitted).

Accordingly,

IT IS HEREBY ORDERED and ADJUDGED that Defendant's Motion to Defer Consideration of Motion for Summary Judgment, to Conduct Discovery, and to Set Briefing Schedule Encompassing Time for Necessary Discovery [ECF No. 37] is **GRANTED**.  The parties shall proceed to complete a Case Management Conference and Case Management Order, including a schedule for discovery, with Magistrate Judge F. Keith Ball.

SO ORDERED this the 16th day of August 2023.

                                  /s/   David Bramlette
                         UNITED STATES DISTRICT JUDGE